IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| LISA CRAIN; CATHEE CRAIN; MARILLYN CRAIN BRODY; and KRISTAN CRAIN SNELL | PLAINTIFFS |
| V.   CASE NO. 2:24-CV-2070 | |
| AIRPORT TRANSPORTATION COMPANY; and SHIRLEY CRAIN | DEFENDANTS |

## OPINION AND ORDER

Before the Court are Defendants' Motions to Dismiss the Amended Complaint (Docs. 37 & 39), to which Plaintiffs filed a combined Response in Opposition (Doc. 41). For the reasons stated below, the Motions are **DENIED**.

### I. PROCEDURAL HISTORY

On June 6, 2024, Plaintiffs Lisa Crain, Cathee Crain, Marillyn Crain Brody, and Kristan Crain Snell (collectively, "Crain Sisters") filed a complaint (Doc. 2) asserting claims against Airport Transportation Company ("ATC"), an Arkansas corporation of which the Crain Sisters' stepmother, Shirley Crain, is the majority shareholder and director, and the Crain Sisters are minority shareholders. According to the original complaint, Shirley, individually as majority shareholder of ATC, breached her fiduciary duties to the Crain Sisters by: (1) failing to furnish them with ATC's annual financial statements as required by Arkansas Code § 4-27-1620; (2) refusing to allow them to inspect ATC's accounting records pursuant to Arkansas Code § 4-27-1602(b); (3) refusing to allow them to inspect ATC's articles, bylaws, resolutions, minutes, communications with shareholders, and financial statements in accordance with Arkansas Code § 4-27-1602(a); and (4) engaging in minority shareholder oppression by, among other things, withholding distributions of

1

profits. The original complaint only asserted direct shareholder claims and not derivative claims.

On July 30, 2024, Shirley and ATC jointly moved to dismiss the original complaint, arguing that the direct shareholder claims should be construed as derivative claims brought on behalf of and for the benefit of ATC—and if the Court agreed, that meant ATC should be realigned as a party plaintiff, which would destroy diversity jurisdiction. In addition, Shirley and ATC argued that the amount in controversy was not at least $75,000. Finally, Shirley and ATC asked the Court to dismiss all claims as either moot or implausible under Federal Rule of Civil Procedure 12(b)(6), or to abstain from hearing the suit due to parallel proceedings in state court. The Court ultimately denied the motion to dismiss, finding that there was no need to realign the parties, the amount in controversy plausibly exceeded the jurisdictional minimum, all claims were sufficiently pleaded, and there was no justification for abstaining because the state court suit was not parallel.

After that, the case proceeded to discovery. The Crain Sisters were granted access to many of ATC's business records. They then moved for leave to file an amended complaint on February 13, 2025. *See* Doc. 23. The Court held a hearing on the motion on April 1 and granted it. The Crain Sisters filed their Amended Complaint (Doc. 35) on April 30, asserting the same direct shareholder claims and adding new derivative shareholder claims for and on behalf of ATC.

On May 14, 2025, ATC and Shirley filed Motions to Dismiss the Amended Complaint (Docs. 37 & 39). Their arguments are largely the same as those made in their previous motion to dismiss the original complaint—and the Court resolves them below in similar fashion.

## II. DISCUSSION

### A. Dismissal for Lack of Subject Matter Jurisdiction

Shirley and ATC's first argument in favor of dismissal is that the Court should realign the parties to treat ATC as a party plaintiff now that shareholder derivative claims have been stated. However, the Court already anticipated—and rejected—this argument in its prior Order, explaining that

> realigning the parties would not be appropriate—even if some claims could plausibly be construed as derivative—because ATC has joined in Shirley's Motion and taken a position adverse to that of the Crain Sisters. In *Smith v. Sperling*, 354 U.S. 91, 96–97 (1957), the Supreme Court opined that if "the management is antagonistic to the stockholder" and "refuses to take action" or opposes "the enforcement of the claim," the trial court should not join the corporation as a plaintiff for diversity purposes. In the case at bar, it is clear that ATC opposes the enforcement of the Crain Sisters' claims.

(Doc. 18, p. 4 n.1). Nothing has changed since the Court's prior Order: ATC continues to oppose the enforcement of the Crain Sisters' shareholder claims, both direct and derivative, and is appropriately viewed as antagonistic. Thus, the Court declines to realign ATC as a party plaintiff.[1]

Next, Shirley and ATC reassert their argument that the amount in controversy fails to meet the jurisdictional minimum. In support, they explain that discovery has now confirmed that ATC's cash reserves as of April 2025 total only $130,000, so even if the Crain Sisters prevailed on all of their claims, the award of damages would not come anywhere close to $75,000. The Court disagrees and finds that the jurisdictional minimum has been plausibly pleaded. Shirley and ATC's other arguments about the jurisdictional

---

[1] As to the related argument that ATC should be joined as a plaintiff under Rule 12(b)(7), this is also rejected for the same reasons.

3

minimum are the same as those they asserted in their earlier motion to dismiss, and the Court incorporates herein its reasoning and decision. *See id.* at pp. 4–5.

### B. Dismissal for Failure to State a Claim

Shirley and ATC next argue that the Crain Sisters' claims under Arkansas Code §§ 4-27-1620, 4-27-1602(b), and 4-27-1602 are now moot because the Crain Sisters have now been granted access to all corporate records of ATC. The Crain Sisters respond that the claims are not moot because Shirley and ATC violated state law and owe damages. The Court agrees with the Crain Sisters that complying with state law after being served with a lawsuit does not necessarily moot out the claims, as damages may still be owed.

The next argument is that the state law claims are barred by a three-year statute of limitations. The Court, however, finds there are genuine, material disputes of fact as to whether the statute of limitations has run as to any shareholder claim. The Amended Complaint asserts with factual particularity certain acts of corporate malfeasance by Shirley within three years of the date this case was filed. Further, the Crain Sisters assert facts to indicate that Shirley engaged in "acts of oppression and concealment" to toll any expired statute of limitations. *See, e.g.*, Doc. 35, ¶¶ 81–82. Accordingly, the Court declines to find that the statute of limitations bars any claims.

Lastly, Shirley and ATC ask the Court to dismiss the derivative shareholder claims because the Crain Sisters failed to make a pre-suit demand consistent with the requirements of Arkansas Code § 4-27-740(b). However, the facts in the Amended Complaint, assumed as true, plausibly assert that it would have been futile to make a pre-suit demand, and futility is an exception to the requirements of § 4-27-740(b). *See Morgan*

*v. Robertson*, 271 Ark. App. 461, 466–67 (1980) (explaining that it is unnecessary for a minority shareholder to serve a demand on a corporation managed by directors who are accused of corporate wrongdoing); *Red Bud Realty Co. v. South*, 153 Ark. 380, 397 (1922) ("The law does not require a futile ceremony.").[2] As for Shirley and ATC's argument that the Amended Complaint does not state a claim for shareholder oppression, the Court disagrees for the reasons stated in its prior Order. *See* Doc. 18, pp. 8–9.

### C. Abstention

Shirley and ATC's final request is that the Court reconsider its earlier decision regarding abstention. The Court acknowledges that prudent judicial administration may sometimes warrant "the dismissal of a federal suit due to the presence of a concurrent state proceeding." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, to justify dismissal of an action that has appropriately been filed in federal court, the Court must make two preliminary findings: (1) that the pending state and federal cases are "parallel" and (2) that "exceptional circumstances" warrant abstaining in favor of allowing the state court to rule. *See Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). "Parallelism" requires more than the pendency of a state claim "based on the same general facts or subject matter as a federal claim and involving the same parties." *Id.* at 535. Instead, the Court must find that "substantial similarity" exists between the two proceedings such that "there is a

---

[2] With respect to Shirley and ATC's argument that the Amended Complaint was not verified in compliance with Rule 23.1(b), the Court agrees that a formal verification should have been filed in Compliance with the Rule. The Court disagrees that this failure warrants dismissing the Amended Complaint. Nevertheless, the Crain Sisters are **ORDERED** to file an appropriate verification as a supplement to the Amended Complaint **within seven days**.

5

substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* To make such a finding, the Court compares the "sources of law, required evidentiary showings, measures of damages, and treatment on appeal" for each claim. *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (quoting *Fru-Con*, 574 F.3d at 536). "[I]f there is any doubt as to the parallel nature of the state and federal proceedings," the Court must exercise jurisdiction. *Fru-Con*, 574 F.3d at 536.

In comparing the Amended Complaint to the complaint filed in Benton County Circuit Court in 2022, Case No. 04CV-22-3317, a few similarities stand out. First, both cases involve derivative shareholder claims filed by the same minority shareholders—the Crain Sisters—concerning their interests in closely held, family-owned companies. Second, Shirley is the majority shareholder and director of both companies. Third, the Crain Sisters make very similar allegations of corporate mismanagement as to both companies, and discovery in the two cases has overlapped to some extent because the company at issue in state court—RJC—is the sole customer of the company at issue in federal court—ATC—and the same sets of corporate records have been examined by the same parties in both suits. Finally, both suits allege that Shirley improperly shunted funds from ATC to RJC to pay personal expenses.

In spite of the above similarities, the two suits are not parallel because they do not involve the same parties. ATC and RJC are not the same company, and the Crain Sisters cannot obtain complete relief on their claims as to ATC in state court—as those claims have not been brought in that forum. The Court therefore declines to abstain.

## III. CONCLUSION

**IT IS ORDERED** that Defendants' Motions to Dismiss the Amended Complaint (Docs. 37 & 39) are **DENIED**.

**IT IS SO ORDERED** on this 21st day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE