**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**LISA CRAIN; CATHEE CRAIN; MARILLYN CRAIN BRODY;
and KRISTAN CRAIN SNELL**                                    **PLAINTIFFS**

**V.**                              **CASE NO. 2:24-CV-2070**

**AIRPORT TRANSPORTATION COMPANY and
SHIRLEY CRAIN**                                             **DEFENDANTS**

## ORDER

Before the Court are Plaintiffs Lisa and Cathee Crain, Marillyn Crain Brody, and Kristan Crain Snell's ("Crain Sisters") Motion in Limine to Permit Introduction of Rule 1006 Summary Exhibits (Doc. 89); Separate Defendant Shirley Crain's Response in Opposition (Doc. 90) and Brief in Support (Doc. 91); Separate Defendant Airport Transportation Company's ("ATC") Response in Opposition (Doc. 92) and Brief in Support (Doc. 93); and the Crain Sisters' Reply (Doc. 96). The Crain Sisters seek to introduce at the bench trial of this matter two charts summarizing voluminous evidence.

The first summary (Doc. 89-1) is a ten-page chart that identifies certain charges on Mrs. Crain's Regional Jet Center ("RJC") corporate credit card, charges on Tim Thompson's RJC Bank of America credit card, and charges on Mr. Thompson's RJC American Express credit card—all allegedly paying Mrs. Crain's personal expenses. The chart also cross-references certain trial exhibits that collectively comprise over 1,000 pages. The second summary (Doc. 89-2) is a list of payments, in date order, allegedly made by ATC to RJC for Mrs. Crain's personal credit card and airplane expenses, along with cross-references to trial exhibits.

1

Mrs. Crain disagrees that these charts accurately distill thousands of pages of financial records. Further, she contends that some credit card expenses noted in the summaries were for legitimate business purposes, and some payments from ATC to RJC were also for legitimate business purposes—so the fact that an expense was incurred or a payment made does not necessarily mean that all such expenses or payments were for personal or improper reasons. Given Mrs. Crain's objections to the charts, she intends to cross-examine the preparer to attempt to impeach the preparer's methods, assumptions, and conclusions. Unfortunately, the preparer is the Crain Sisters' own attorney.[1]

In *United States v. Green*, the Eighth Circuit held that summary charts may be admitted under Federal Rule of Evidence Rule 1006 when: (1) the charts fairly summarize voluminous evidence; (2) they assist in understanding the testimony already introduced; and (3) the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary. 428 F.3d 1131, 1134 (8th Cir. 2005). Though all parties agree that the first and second conditions have been satisfied, both Mrs. Crain and ATC point out that the third condition has not—as the Crain Sisters' lawyer is not subject to cross-examination. In response, the Crain Sisters' counsel points out that Mr. Thompson will testify at trial on behalf of ATC and RJC and is familiar with all the evidence referenced in the two summaries; therefore, even though Mr. Thompson did not prepare the summaries, he will be available testify about their contents—thus, mitigating any prejudice. *See* Doc. 89, pp. 6–7. Furthermore, counsel points out that this is a bench trial, and "[t]he Court is fully capable of evaluating the summary exhibits for what they are—

---

[1] The Crain Sisters admit that the summaries "were prepared by Plaintiffs' counsel"—without qualification. (Doc. 89, p. 1). There is no dispute about this fact.

organizational tools that distill voluminous records—and of cross-referencing them against the underlying documents if questions arise about accuracy." *Id.* at p. 16. Indeed, the possibility of juror confusion is not at issue in a bench trial. *See id.*[2]

In the Eighth Circuit, Rule 1006 "does not allow for the admission of a summary . . . that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits." *United States v. Grajales-Montoya*, 117, F.3d 356, 361 (8th Cir. 1997). "[S]uch a summary is a written argument." *Id.* Though Rule 1006 does not expressly require that a summary exhibit be prepared by a witness subject to cross-examination, rather than by a lawyer trying the case—that is plainly the Eighth Circuit's critical requirement. *See id.* The Crain Sisters suggest this requirement would not exist in a bench trial setting, but they cite no authority in support, and the Court has found none. Accordingly, **IT IS ORDERED** that the Motion in Limine (Doc. 89) is **DENIED**. The Court will permit the Crain Sisters to present their summaries at trial as illustrative aids to help the Court's understanding of the issues pursuant Federal Rule of Evidence 107(a). The demonstrative exhibits will then be marked as Court's exhibits for record purposes.

**IT IS SO ORDERED** on this 6th day of August, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Crain Sisters' counsel also points out that Mrs. Crain and ATC took forty-four days to object to the summary charts, which, in counsel's mind, is egregious enough to constitute a waiver of their ability to object. *See* Doc. 96, p. 6. The Court rejects this argument. Counsel admits that the Court did not set any deadline for the parties to object to a Rule 1006 stipulation request. *See id.*